# EXHIBIT A



**MARGOLIS EDELSTEIN**

Attorneys At Law
www.margolisedelstein.com

**NORTH NEW JERSEY OFFICE:**
Connell Corporate Center
400 Connell Drive
Suite 5400
Berkeley Heights, NJ 07922
908-790-1401
Fax 908-790-1486

SOUTH NEW JERSEY OFFICE:*
100 Century Parkway
Suite 200
Mt. Laurel, NJ 08054
856-727-6000
Fax 856-727-6017

PHILADELPHIA OFFICE:*
The Curtis Center
170 S. Independence Mall West
Suite 400E
Philadelphia, PA 19106-3337
215-922-1100
Fax 215-922-1772

HARRISBURG OFFICE:*
3510 Trindle Road
Camp Hill, PA 17011
717-975-8114
Fax 717-975-8124

PITTSBURGH OFFICE:
522 William Penn place
Suite 3300
Pittsburgh, PA 15219
412-281-4256
Fax 412-642-2380

SCRANTON OFFICE:
220 Penn Avenue
Suite 305
Scranton, PA 18503
570-342-4231
Fax 570-342-4841

DELAWARE OFFICE:
750 Shipyard Drive
Suite 102
Wilmington, DE 19801
302-888-1112
Fax 302-888-1119

*Member of the Harmonie Group*

EMERY J. MISHKY, ESQ.
Direct Dial No.: 908-790-7761
emishky@margolisedelstein.com

September 23, 2013

**VIA E-MAIL & REGULAR MAIL**

John Waldinger, Enforcement Supervisor
c/o Equal Employment Opportunity Commission
Newark Area Office
1 Newark Center, 21st Floor
Newark, NJ 07102

Re:   Johnson v. City of Long Branch
      Our File Number: EJM / 51150.5-00017
      EEOC Charge No.: 17E-2013-00267

Dear Mr. Waldinger:

This office represents the City of Long Branch Police Department in the above captioned matter concerning the Equal Employment Opportunity Commission ("EEOC") Notice of Charge of Discrimination filed by Mr. Lyndon Johnson. Please accept this Statement of Position to the Notice of Charge filed on behalf of Mr. Johnson.

Mr. Johnson complains that he was suspended based on his race as a black male in violation of the Civil Rights Act of 1964, and that other similarly situated non-black employees who had also committed wrong doings were not similarly treated. The City of Long Branch provides its Statement of Position in response to the charges as set forth in the Notice of Charge. Some or all of the suspensions discussed herein were also involved in Mr. Johnson's termination.

Mr. Johnson was suspended commencing on May 31, 2012 for making inappropriate and threatening comments to Dispatchers under his supervision while on duty. This suspension lasted until December 1, 2012. On December 1, 2012, Mr. Johnson was suspended again for knowingly and purposely approving a police report that he knew to be false. This suspension lasted from December 1, 2012, until June 1, 2013. Mr. Johnson was suspended yet again from January 25, 2013, until November 30, 2013, for improper access of the Criminal Justice Information System.

Page 2                                                                September 20, 2013
Re: Johnson v. City of Long Branch
Our File No.: EJM / 51150.5-00017 / 2013014739

The suspension, between May 31, 2012 and December 1, 2012, related to threatening and inappropriate comments that Mr. Johnson made to Dispatchers that were working under his watch at the Police Department Headquarters in Long Branch. According to the witness statement provided by one of the Dispatchers, Mr. Johnson threatened him on two separate occasions. The threats constituted conduct unbecoming of a public employee, as Mr. Johnson was attempting to intimidate the Dispatcher by demanding that they take specific actions. Suspending Mr. Johnson for behavior that was inappropriate for a Lieutenant in the Police Department is not related to his race. Moreover, there are no other police personnel, much less Lieutenants, of any race, for which the same or similar behavior and/or actions are tolerated without the same or similar consequences.

Mr. Johnson's suspension between December 1, 2012 and June 1, 2013, related to Mr. Johnson knowingly and purposely filling out a police report that he knew to be false. Mr. Johnson's son, Lyndon Johnson, Jr. ("Johnson, Jr.") owned, and was licensed to carry, a hand gun. Mr. Johnson helped Johnson, Jr. obtain the hand gun, and license for it. According to the police investigation, the hand gun was reported by Mr. Johnson's son to have been stolen from Johnson, Jr.'s, motor vehicle. Mr. Johnson did not permit another officer and/or Lieutenant to handle the investigation. This action created a known conflict and interfered with the investigation of this incident. Specifically, Mr. Johnson's name was part of the investigation record relating to this burglary, and any similarly situated Lieutenant would have and should have known to recuse themselves from the investigation. Further, Mr. Johnson's actions caused conflicting reports on the issue of whether the hand gun was loaded. This critical information may impact the information provided to surrounding towns. It also may impact the safety of other officers helping search for the missing gun. The charges that were the basis for this suspension were Neglect of Duty (N.J.A.C. 4A:20-2.3(a)7), Incompetency (N.J.A.C. 4A:2-2.3(a)1), Conduct Unbecoming of a Public Employee (N.J.A.C. 4A:2-2.3(a)6), Other Sufficient Cause (N.J.A.C. 4A:20-2.3(2)11), and Inability to Perform Duties (N.J.A.C. 4A:2-2.3(a)3). Mr. Johnson's suspension was an appropriate consequence of his inappropriate behavior of knowingly and purposely filling out a false police report. Any police personnel of any rank and any race would have been suspended had they been discovered to be falsifying police investigation reports.

Mr. Johnson's most recent suspension between January 25, 2013, and November 20, 2013, was for the improper access to the Criminal Justice Information System ("CJIS"). Mr. Johnson was illegally accessing the Criminal History Check records for individuals without legal reason. In order to access the CJIS, Mr. Johnson must provide a legitimate legal reason for checking an individual's criminal history. 24 CFR 5.903. Mr. Johnson claims that the names he was checking were then related to his connection with the Long Branch Public Housing Authority. However, upon further investigation, it was discovered that not all of the individuals that Mr. Johnson was performing criminal background checks on were even related, or connected, to the Long Branch Public Housing

Page 3                                                                                       September 20, 2013
Re: Johnson v. City of Long Branch
Our File No.: EJM / 51150.5-00017 / 2013014739

Authority. Mr. Johnson was unable to provide any other legally relevant basis for his utilization of the CJIS for these instances. Therefore, Mr. Johnson was suspended as a Lieutenant between January 25, 2013 and November 30, 2013. There are no other police personnel, Lieutenant or otherwise, of any race, for which the same or similar actions would not have received the same or similar consequences.

Each suspension, as described above was merited by Mr. Johnson's improper actions. The violations, and enforcement of the violations, were handled and administered pursuant to race neutral application of laws and standards applicable to all police officers in the City of Long Branch. Mr. Johnson's suspensions were each directly and proximately caused by his illegal actions and neglect of his duties as a Lieutenant of the Long Branch Police Department. Any Lieutenant or Officer of the Police Department who commits the above described offenses is subject to suspension in the same manner as Mr. Johnson, regardless of race, nationality, religion, or otherwise. The Long Branch Police Department had more than ample cause to suspend Mr. Johnson based upon his repeated inappropriate job performance, not his race. Moreover, no other officer, and none of these listed in the charge of discrimination (Craig Spencer, Frank Rizzuto, Tom Shea, and Ray Chapparo) have been found to have "done the same things [as Mr. Johnson] and worse." Further, more were treated in any different manner whatsoever.

This Statement of Position addresses the allegations set forth by the Notice of Charge of Discrimination. No. 17E-2013-00267. This Statement of Position is given without prejudice to any objection to the sufficiency of the allegations set forth in the Notice of Change, and to any other facts and/or issues relating to the actions taken by the City of Long Branch with respect to the claimant, including, but not limited to, facts and/or issues not relating to the specific charge of discrimination that is the subject of the Notice of Charge.

Thank you for your attention to this matter.

Very truly yours,

MARGOLIS EDELSTEIN

By: _____
EMERY J. MISHKY

EJM:mm

# EXHIBIT B



Attorneys At Law
www.margolisedelstein.com

EMERY J. MISHKY, ESQ.
Direct Dial No.: 908-790-7761
emishky@margolisedelstein.com

**NORTH NEW JERSEY OFFICE:**
Connell Corporate Center
400 Connell Drive
Suite 5400
Berkeley Heights, NJ 07922
908-790-1401
Fax 908-790-1486

SOUTH NEW JERSEY OFFICE:*
100 Century Parkway
Suite 200
Mt. Laurel, NJ 08054a
856-727-6000
Fax 856-727-6017

PHILADELPHIA OFFICE:*
The Curtis Center
170 S. Independence Mall West
Suite 400E
Philadelphia, PA 19106-3337
215-922-1100
Fax 215-922-1772

HARRISBURG OFFICE:*
3510 Trindle Road
Camp Hill, PA 17011
717-975-8114
Fax 717-975-8124

PITTSBURGH OFFICE:
522 William Penn place
Suite 3300
Pittsburgh, PA 15219
412-281-4256
Fax 412-642-2380

SCRANTON OFFICE:
220 Penn Avenue
Suite 305
Scranton, PA 18503
570-342-4231
Fax 570-342-4841

DELAWARE OFFICE:
750 Shipyard Drive
Suite 102
Wilmington, DE 19801
302-888-1112
Fax 302-888-1119

*Member of the Harmonie Group

February 12, 2014

Dana M. Marucci, Investigator
U.S. Equal Employment Opportunity Commission
Newark Area Office
1 Newark Center, 21st Floor
Newark, NJ 07102-5233

Re:   Johnson v. City of Long Branch
      Our File Number: EJM / 51150.5-00017
      EEOC Charge No.: 17E-2013-00267

Dear Mr. Marucci:

This office represents the City of Long Branch in the above captioned Equal Employment Opportunity Commission ("EEOC") charge filed by Mr. Lyndon Johnson. We are responding to your letter of December 30, 2013.

We are preparing materials responsive to your letter request. Due to the scope of the request and the number of persons involved this is a time consuming task. Before we produce the materials requested we request written agreement to accommodate our duties of maintaining privacy and confidentiality owed to our employees and past employees with respect to the documents requested.

We request that the EEOC agree to protect the confidentiality of the documents and information as requested by its correspondence dated December 30, 2013; as a response would involve the disclosure of confidential information and sensitive employment and personal information. The EEOC agrees that all designated "Confidential" material shall be used by the EEOC solely for the purposes of evaluation of the above-captioned matter. The EEOC agrees that it shall not use or reveal designated "Confidential" materials either directly, or indirectly, for any business, commercial, competitive, personal or other purpose, and such material shall not be disclosed by the EEOC to anyone other than as set forth above unless and until the restrictions herein are removed either by written agreement between EEOC and the producer or by Order of a Court

Page 2  
Re: Johnson v. City of Long Branch  
Our File No.: EJM / 51150.5-00017 / 2013014739

February 12, 2014

of competent jurisdiction. It is, however, understood that the EEOC may form opinions and conclusion relating to the above-captioned matter based on its evaluation of Confidential material provided, but that such opinions and conclusions shall not reveal the content of such Confidential materials except by prior written agreement.

The EEOC agrees that no material designated "Confidential" material shall be provided, published, or otherwise revealed, in whole or in part, other than in the form of the EEOC's opinions and conclusions, as set forth above, to the claimant Lyndon B. Johnson and/or his counsel, representative, or the like.

Please indicate your agreement to the terms set forth in this correspondence by signing below, and returning to our office.

Very truly yours,

MARGOLIS EDELSTEIN

By: _____
EMERY J. MISHKY

EJM/ms

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Agreed to:

Dated:                              By: _____
                                    Dana M. Marucci
                                    Investigator
                                    On behalf of the EEOC

# EXHIBIT C



**Attorneys At Law**
www.margolisedelstein.com

EMERY J. MISHKY, ESQ.
Direct Dial No.: 908-790-7761
emishky@margolisedelstein.com

**NORTH NEW JERSEY OFFICE:**
Connell Corporate Center
400 Connell Drive
Suite 5400
Berkeley Heights, NJ 07922
908-790-1401
Fax 908-790-1486

**SOUTH NEW JERSEY OFFICE:**
100 Century Parkway
Suite 200
Mt. Laurel, NJ 08054a
856-727-6000
Fax 856-727-6017

**PHILADELPHIA OFFICE:**
The Curtis Center
170 S. Independence Mall West
Suite 400E
Philadelphia, PA 19106-3337
215-922-1100
Fax 215-922-1772

**HARRISBURG OFFICE:**
3510 Trindle Road
Camp Hill, PA 17011
717-975-8114
Fax 717-975-8124

**PITTSBURGH OFFICE:**
522 William Penn place
Suite 3300
Pittsburgh, PA 15219
412-281-4256
Fax 412-642-2380

**SCRANTON OFFICE:**
220 Penn Avenue
Suite 305
Scranton, PA 18503
570-342-4231
Fax 570-342-4841

**DELAWARE OFFICE:**
750 Shipyard Drive
Suite 102
Wilmington, DE 19801
302-888-1112
Fax 302-888-1119

*Member of the Harmonie Group

March 25, 2014

Dana M. Marucci, Investigator
U.S. Equal Employment Opportunity Commission
Newark Area Office
1 Newark Center, 21st Floor
Newark, NJ 07102-5233

Re:  Johnson v. City of Long Branch
     Our File Number: EJM / 51150.5-00017
     EEOC Charge No.: 17E-2013-00267

Dear Mr. Marucci:

This office represents the City of Long Branch in the above captioned Equal Employment Opportunity Commission ("EEOC") charge filed by Mr. Lyndon Johnson. On February 12, 2014 we responded to your letter of December 30, 2013 and asked that you agree to protect the confidentiality of any documents and information provided in response to your request by the City of Long Branch. A copy of the letter is attached for your easy reference.

To date, we have not heard back from you, nor have we received your signature as requested in our letter. Kindly advise if you wish to proceed with your inquiry at this time.

Very truly yours,

MARGOLIS EDELSTEIN

By: *Emery J. Mishky*

EMERY J. MISHKY

EJM/ms
Enclosure



**Attorneys At Law**
www.margolisedelstein.com

**NORTH NEW JERSEY OFFICE:**
Connell Corporate Center
400 Connell Drive
Suite 5400
Berkeley Heights, NJ 07922
908-790-1401
Fax 908-790-1486

**SOUTH NEW JERSEY OFFICE:***
100 Century Parkway
Suite 200
Mt. Laurel, NJ 08054
856-727-6000
Fax 856-727-6017

**PHILADELPHIA OFFICE:***
The Curtis Center
170 S. Independence Mall West
Suite 400E
Philadelphia, PA 19106-3337
215-922-1100
Fax 215-922-1772

**HARRISBURG OFFICE:***
3510 Trindle Road
Camp Hill, PA 17011
717-975-8114
Fax 717-975-8124

**PITTSBURGH OFFICE:**
525 William Penn place
Suite 3300
Pittsburgh, PA 15219
412-281-4256
Fax 412-642-2380

**SCRANTON OFFICE:**
220 Penn Avenue
Suite 305
Scranton, PA 18503
570-342-4231
Fax 570-342-4841

**DELAWARE OFFICE:**
750 Shipyard Drive
Suite 102
Wilmington, DE 19801
302-888-1112
Fax 302-888-1119

*Member of the Harmonie Group

EMERY J. MISHKY, ESQ.
Direct Dial No.: 908-790-7761
emishky@margolisedelstein.com

February 12, 2014

Dana M. Marucci, Investigator
U.S. Equal Employment Opportunity Commission
Newark Area Office
1 Newark Center, 21st Floor
Newark, NJ 07102-5233

Re:  Johnson v. City of Long Branch
     Our File Number: EJM / 51150.5-00017
     EEOC Charge No.: 17E-2013-00267

Dear Mr. Marucci:

This office represents the City of Long Branch in the above captioned Equal Employment Opportunity Commission ("EEOC") charge filed by Mr. Lyndon Johnson. We are responding to your letter of December 30, 2013.

We are preparing materials responsive to your letter request. Due to the scope of the request and the number of persons involved this is a time consuming task. Before we produce the materials requested we request written agreement to accommodate our duties of maintaining privacy and confidentiality owed to our employees and past employees with respect to the documents requested.

We request that the EEOC agree to protect the confidentiality of the documents and information as requested by its correspondence dated December 30, 2013; as a response would involve the disclosure of confidential information and sensitive employment and personal information. The EEOC agrees that all designated "Confidential" material shall be used by the EEOC solely for the purposes of evaluation of the above-captioned matter. The EEOC agrees that it shall not use or reveal designated "Confidential" materials either directly, or indirectly, for any business, commercial, competitive, personal or other purpose, and such material shall not be disclosed by the EEOC to anyone other than as set forth above unless and until the restrictions herein are removed either by written agreement between EEOC and the producer or by Order of a Court



Page 2											February 12, 2014
Re: Johnson v. City of Long Branch
Our File No.: EJM / 51150.5-00017 / 2013014739

of competent jurisdiction. It is, however, understood that the EEOC may form opinions and conclusion relating to the above-captioned matter based on its evaluation of Confidential material provided, but that such opinions and conclusions shall not reveal the content of such Confidential materials except by prior written agreement.

The EEOC agrees that no material designated "Confidential" material shall be provided, published, or otherwise revealed, in whole or in part, other than in the form of the EEOC's opinions and conclusions, as set forth above, to the claimant Lyndon B. Johnson and/or his counsel, representative, or the like.

Please indicate your agreement to the terms set forth in this correspondence by signing below, and returning to our office.

                                        Very truly yours,

                                        MARGOLIS EDELSTEIN

                                        By: _____
                                            EMERY J. MISHKY

EJM/ms

*****************************************************************************

                                        Agreed to:

Dated:                                  By:_____
                                            Dana M. Marucci
                                            Investigator
                                            On behalf of the EEOC

# EXHIBIT D

**MARGOLIS EDELSTEIN**
400 Connell Drive-Suite 5400
Berkeley Heights, NJ 07922-2775
(908) 790-1401
Attorney for Defendant, City of Long Branch
EJM/51150.5-00017
Attorney ID No.:

| | |
|---|---|
| LYNDON JOHNSON<br><br>Complainant,<br><br>v.<br><br>CITY OF LONG BRANCH<br><br>Respondent, | SUPERIOR COURT OF NEW JERSEY<br>DEPART. OF LAW & PUBLIC SAFETY<br>DIVISION ON CIVIL RIGHTS<br>DOCKET NUMBER:<br>EEOC CHARGE NO. 17E<br><br>Civil Action<br><br>**NOTICE OF MOTION TO QUASH SUBPOENA** |

TO:   John Waldinger, Enforcement Supervisor
       c/o Equal Employment Opportunity Commission
       Newark Area Office
       1 Newark Center
       21st Floor
       Newark, NJ 07102

COUNSELOR:

PLEASE TAKE NOTICE that the undersigned respond to the U.S. Equal Employment Opportunity Commission, at the Newark Area Office, by filing herein Motion to Quash Subpoena. Attached hereto is a Certification upon which I shall rely.

I hereby certify that the original Notice of Motion is filed with the U.S. Equal Employment Opportunity Commission, Newark, New Jersey via Lawyers Service mail, and a copy was served upon:

John Waldinger, Enforcement Supervisor
c/o Equal Employment Opportunity Commission
Newark Area Office
1 Newark Center
21st Floor
Newark, NJ 07102

James L. Plosia, Jr., Esq.
Apruzzese, McDermott, Mastro & Murphy, PC
25 Independence Boulevard
Warren, New Jersey 07059

David DeFillippo, Esq.
Detzky Hunter & DeFillippo, LLC
45 Court Street
Freehold, NJ 07728

via Lawyer Service, on the date hereof pursuant to R.1:6-3.

By: _____
STEPHANIE Y. CHO, ESQ.

Dated:

**MARGOLIS EDELSTEIN**
400 Connell Drive-Suite 5400
Berkeley Heights, NJ 07922-2775
(908) 790-1401
Attorney for Defendant, City of Long Branch
EJM/51150.5-00017
Attorney ID No.:

| | |
|---|---|
| LYNDON JOHNSON<br><br>Complainant,<br><br>v.<br><br>CITY OF LONG BRANCH<br><br>Respondent, | SUPERIOR COURT OF NEW JERSEY<br>DEPART. OF LAW & PUBLIC SAFETY<br>DIVISION ON CIVIL RIGHTS<br><br>EEOC CHARGE NO. 17E<br><br>Civil Action<br><br>**CERTIFICATION** |

I, STEPHANIE Y. CHO, of full age, hereby certify as follows:

1. I am an attorney at law of the State of New Jersey and associated with Margolis Edelstein and entrusted with the defense of City of Long Branch in the above-captioned matter.

2. The claimant, Lyndon Johnson, alleges wrongful discharge from his position with the Police Department of City of Long Branch.

3. The respondent received a subpoena for release of disciplinary records of various Officers. (See Attached Exhibit A, a copy of the Subpoena)

4. Prior requests for these records were formally objected to by Mr. David DeFillippo, counsel for Long Branch PBA Local #10. (See Attached Exhibit B, a copy of Mr. DeFillippo's correspondences dated June 23, 2014 and June 9, 2014)

5. The subpoenaed records are objected to under Internal Affairs Policy and Procedures (Rev. 2014) issued by the New Jersey General's Office since these records are

Confidential. (See Attached Exhibit C, a copy of Internal Affairs Policy and Procedures (Rev. 2014).

6. The relevant paragraphs of Internal Affairs Policy and Procedures under Page 42 of the Guideline by New Jersey General's Office are cited below:

**Confidentiality**

**The nature and source of internal allegations, the progress of internal affairs investigations, and the resulting materials are confidential information. The contents of the internal investigation case files shall be retained in an Internal Affairs Unit and clearly marked as confidential. The information and records of an internal investigation shall only be released under the following limited circumstances:**

> **In the event that administrative charges have been brought against an officer and a hearing will be held, a copy of all discoverable material shall be provided to the hearing officer in advance of hearing.**
>
> **In the event that the subject officer, agency or governing jurisdiction has been named as a defendant in a lawsuit arising out of the specific incident covered by an internal investigation, a copy of the internal investigation reports may be released to the attorney representing the subject officer, agency or jurisdiction.**
>
> **Upon request or at the direction of the county prosecutor or Attorney General.**
>
> **Upon a court order.**

7. The subpoena seeks confidential disciplinary records of various Officers, who have no involvement in the claimant's matter, and this is contrary to the Policy and Procedures of Internal Affairs which has strict requirements for release of such records.

8. As previously stated, the respondent is not in privy to disclose the subpoenaed records unless EEOC meets the criteria as set-forth in the Policy and Procedures, or in the alternative, guarantee Confidentially of these records.

9. Accordingly, the respondent object to the subpoena of these disciplinary records and seek to quash the subpoena.

10. I hereby certify that the foregoing statements made by me are true. I am aware that

if any of the foregoing statements made by me are wilfully false, I am subject to punishment.

MARGOLIS EDELSTEIN
Attorneys for Respondent, City of Long Branch

By: _____
STEPHANIE Y. CHO, ESQ.

DATED: