UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
(609) 989-2040

| | |
|---|---|
| CHAMBERS OF<br>**TONIANNE J. BONGIOVANNI**<br>UNITED STATES MAGISTRATE JUDGE | U.S. COURTHOUSE<br>402 E. STATE STREET, RM 6052<br>TRENTON, NJ 08608 |

July 30, 2015

**LETTER ORDER**

Re:  **Equal Employment Opportunity Commission v. City of Long Branch**
     **Civil Action No. 15-1081 (MAS)**

Dear Counsel:

Currently pending before the Court is Petitioner's, the Equal Employment Opportunity Commission ("EEOC"), Motion seeking an Order to Show Cause why Respondent, the City of Long Branch ("Respondent"), should not be compelled to comply with EEOC Subpoena No. NY-A14-011 ("Subpoena"). [Docket Entry No. 1].  Respondent opposes EEOC's motion [Docket Entry No. 5]. The Court has reviewed all arguments made in support of and in opposition to EEOC's motion and considers same without oral argument, pursuant to L.Civ.R. 78.1(b).  For the reasons set forth more fully below, EEOC's motion is GRANTED in part and DENIED in part.

By way of background, the EEOC is investigating a charge of race discrimination filed against the City of Long Branch, under Title VII of the Civil Rights Act of 1964, 42 U.S. §§ 2000 *et seq* by Lieutenant Johnson.  Lt. Johnson, an African-American lieutenant in the Long Branch Police Department, alleges that his employer, the City of Long Branch, has discriminated against him on the basis of race.  Specifically, he alleges that he was subjected to different and harsher disciplinary measures than similarly situated white colleagues who committed the same or similar alleged infractions. (*See* Motion to Enforce Subpoena; Docket Entry No. 1 at 1).  In order to investigate whether Lt. Johnson was subjected to harsher discipline than his white co-workers for similar

infractions, the EEOC has requested all disciplinary records for Lt. Johnson and six Caucasian comparators. (*Id*. at 2).

On December 30, 2013, the EEOC made its first request to Respondent for the disciplinary files of the seven officers. (*Id*.). On January 9, 2014, Respondent requested additional time, until February 15, 2014, to respond.   On February 12, 2014, Respondent notified the EEOC that although these officers were not subject to, nor involved in any manner to the instant litigation, it would produce the requested documents to the EEOC, subject to the preservation of the privacy and confidentiality of these sensitive employment and personnel information for non-parties. To do so, Respondent requested the EEOC execute a confidentiality agreement. (*Id*.). Specifically, Petitioner stated that the EEOC must sign an agreement, which provided, that while the EEOC could rely on the information to "form opinions and conclusions relating to the charge based on its evaluation" of the records but that the EEOC "shall not" in discussing its opinions and conclusions "reveal the content of such confidential materials except by prior written agreement." (*Id*. at 2-3). Further, Respondent also conditioned release of the files on EEOC's promise that no material designated "confidential" by Respondent "be provided, published, or otherwise revealed…to the claimant Lyndon B. Johnson and/or his counsel…" (*Id*. at 3). However, the EEOC refused to enter such an agreement.

On June 30, 2014, the EEOC reached out to Respondent with another chance to comply with its requests for production of the files. (*Id*.).   Respondent refused, forcing the EEOC to issue a subpoena for the records. Said subpoena was served on Respondent via email on July 23, 2014. The EEOC also served the subpoena via certified return receipt requested mail, which was signed for by Respondent on July 25, 2014. (*Id*.).

2

The EEOC argues Respondent failed to exhaust its administrative remedies by filing a timely petition to revoke or modify the subpoena and has therefore waived its right to object. The EEOC states, "A party who finds any portion of an EEOC administrative subpoena objectionable may, within five days of service of the subpoena, petition the Commission for relief." (*Id* at 4 citing 29 C.F.R. §1601.1(b)(1)-(2)). Here, Respondent failed to file a timely petition to revoke or modify the EEOC subpoena in accordance with regulations, and instead remained steadfast in its refusal to produce the records. (*Id*. at 5).

The EEOC further argues the subpoenaed documents cannot be withheld on grounds that they contain confidential or private information. The EEOC contends that a violation of employee confidentiality is an insufficient basis upon which to deny enforcement of EEOC's administrative subpoena. *EEOC v. Bay Shipbuilding Corp*., 668 F.2d 304, 312 (7th Cir. 1981). Specifically, the EEOC states that Title VII imposes strict restraints on the Commission and its employees to maintain the confidentiality of information learned during investigations and informal endeavors to conciliate. (*Id*. at 10). Therefore, the EEOC argues the statutory and regulatory safeguards in place are sufficient to ensure that confidential and private information is reviewed only by persons authorized by statute to view it.

It is Respondent's position that it will produce the requested documents but only if the EEOC provides assurances and enter into an agreement that the police officers' personnel and employment records are not to be disclosure to the public nor to the charging party, Lyndon B. Johnson. (*See* Brief in Opposition; Docket Entry No. 5). Respondent argues the EEOC failed to mention in their moving papers that the charging party is considered a member of the "public" and hence a stranger to said personnel records. (*Id*. at 2 (quoting *EEOC v. Associated Dry Goods*, 101 S.Ct. 817, 825 (1981) (internal quotation marks omitted))). Indeed, Respondent claims that while the Supreme

3

Court has recognized that a charging party may be granted access to investigative material from his own file, it has also held that there is no reason why a charging party should know the content of any other employee's charge, and he must be considered "a member of the public" with respect to charges filed by other people. (*Id*. at 3 (quoting *EEOC v. Associated Dry Goods*, 101 S.Ct. at 825 (internal citation marks omitted)).   As a result, Respondent argues that the EEOC should agree to the terms of the confidentiality order proposed by it.

Here, the EEOC seeks personnel and employment records of seven police officers.   Unlike in *EEOC v. Associated Dry Goods*, the police officers whose information is subject to disclosure haven't even filed charges against Respondent.   Instead, they are completely unrelated to and uninvolved with the charging party's complaint against Respondent.   Based on *EEOC v. Associated Dry Goods*, even if the seven police officers had also filed complaints against Respondent (which is not the case), each would only be entitled to review his own personnel file and records.   101 S.Ct. at 825.   Consequently, there is absolutely no reason why the charging party, Lt. Johnson, should be granted access to the personnel and employment records of the seven police officers.   The Court is perplexed by the EEOC's failure to recognize the officers' privacy interests and its refusal to simply agree to this limitation.

Therefore, the Court having considered the moving papers and the opposition thereto, and for good cause having been shown;

IT IS on this 29th day of July, 2015,

**ORDERED THAT EEOC'S APPLICATION BE AND HEREBY IS GRANTED AND RESPONDENT SHALL COMPLY WITH SUBPOENA NO. NY-A14-011 AND PROVIDE EEOC WITH THE RECORDS DEMANDED IN THE SUBPOENA; AND**

**IT IS FURTHER ORDERED THAT EEOC COMPLY WITH ALL APPLICABLE RULES AND REGULATIONS REGARDING CONFIDENTIALITY OF EMPLOYMENT RECORDS AND AVOID DISCLOSURE OF CONFIDENTIAL RECORDS OBTAINED DURING THEIR INVESTIGATION INCLUDING**

**AVOIDING DISCLOSURE OF THE SEVEN POLICE OFFICERS' RECORDS TO THE CHARGING PARTY, LT. JOHNSON; AND**

**IT IS FURTHER ORDERED THAT THE CLERK OF THE COURT TERMINATE DOCKET ENTRY NO. 1 AND MARK THIS CASE AS CLOSED.**

                                              s/ Tonianne   J. Bongiovanni
                                              **TONIANNE J. BONGIOVANNI**
                                              **United States Magistrate Judge**