**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | Civil Action No. 15-1081 (MAS) (TJB) |
| Petitioner, | **MEMORANDUM OPINION** |
| v. |  |
| CITY OF LONG BRANCH, |  |
| Respondent. |  |

**SHIPP, District Judge**

This matter comes before the Court on Plaintiff Equal Employment Opportunity Commission's ("EEOC") appeal of the portion of the July 30, 2015 Order ("Order") of the Honorable Tonianne J. Bongiovanni, U.S.M.J. ("Magistrate Judge" or "Judge Bongiovanni") which prohibits the EEOC from disclosing information obtained from Respondent City of Long Branch ("Respondent") to the charging party or his counsel (ECF No. 7). (ECF No. 8.) Respondent filed an opposition to the appeal (ECF No. 9), and the EEOC replied (ECF No. 10). The Court has carefully considered the parties' submissions and decides the matters without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, and other good cause shown, the Court affirms Judge Bongiovanni's Order.

**I.     Background**

On or about February 7, 2013, Lieutenant Lyndon Johnson ("Lt. Johnson" or "Charging Party") filed a charge of discrimination ("Charge") against the Respondent with the EEOC. (EEOC's Moving Br. for Order to Show Cause ("OTSC") 1-2, ECF No. 1-2.) Lt. Johnson, an

African-American Lieutenant in the Long Branch Police Department, alleged that Respondent, as his employer, discriminated against him on the basis of race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"). (*Id.*) Specifically, Lt. Johnson alleged that "he was subjected to different and harsher disciplinary measures than similarly situated white colleagues who committed the same or similar infractions." (*Id.* at 2.)

On August 19, 2013, the EEOC served Respondent with a Notice of Charge. (*Id.*) In response to the Charge, Respondent asserted that "the disciplinary actions taken against Lt. Johnson are consistent with a race-neutral application of the Police Department's policies and standards and with disciplinary actions taken against Lt. Johnson's comparators." (*Id.*) "[T]o investigate whether Lt. Johnson was subjected to harsher discipline than his white co-workers for similar infractions, the EEOC requested all disciplinary records for Lt. Johnson and six Caucasian comparators." (*Id.*) In response to this request, "Respondent notified [the] EEOC that it was gathering the materials but would produce them only if [the] EEOC agreed to certain restrictions in the use and disclosure of the 'confidential' materials." (*Id.*) Notably, these restrictions included a prohibition against providing any material designated "'confidential' . . . in whole or in part, other than in the form of the EEOC's opinions and conclusions . . . to the claimant [Lt. Johnson] and/or his counsel, representative, or the like." (*Id.* at 3.) Following the EEOC's refusal to agree to these restrictions, Respondent advised the EEOC that it would not produce the requested information "absent a Court Order." (*Id.*)

Thereafter, the EEOC issued a subpoena to Respondent. (EEOC Subpoena, ECF No.1-3.) Following Respondent's failure to produce documents in response to this subpoena, the EEOC filed a motion to enforce the subpoena in this Court. (ECF No. 1.) This motion was referred to the Magistrate Judge. Applying the Supreme Court's decision in *EEOC v. Associated Dry Goods*

to the EEOC's subpoena here, Judge Bongiovanni held that the EEOC was not entitled to share the requested information about other police officers with the charging party:

> Based on *EEOC v. Associated Dry Goods*, even if the seven[1] police officers had also filed complaints against Respondent (which is not the case), each would only be entitled to review his own personnel file and records. Consequently, there is absolutely no reason why the charging party, Lt. Johnson, should be granted access to the personnel and employment records of the seven police officers.

(Order 4, ECF No. 7.) The EEOC now appeals this Order.

## II. **Standard of Review**

A magistrate judge is authorized to determine non-dispositive motions, which include "any pretrial motion or other pretrial matter." L. Civ. R. 72.1(a)(1). A magistrate judge is "accorded wide discretion in addressing non-dispositive motions." *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004). A magistrate judge's resolution of non-dispositive matters may only be set aside if the order is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); Loc. Civ. R. 72.1(c)(1); *Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d 162, 164 (D.N.J. 1998) (citing 28 U.S.C. § 636(b)(1)(A)). "A finding is clearly erroneous only 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). For a magistrate judge's decision to be contrary to law, the Court must find that the magistrate judge misapplied or misinterpreted the applicable law. *Gunter*, 32 F. Supp. 2d at 164.

---

[1] In the EEOC's moving brief for the OTSC, the EEOC states that it requested "all disciplinary records for Lt. Johnson and *six* Caucasian comparators." (EEOC's Moving Br. for OTSC 2) (emphasis added). The number of comparators' files requested is not, however, material to the issue on appeal.

The party filing the appeal has the burden of showing that a magistrate judge's ruling is clearly erroneous or contrary to law. *Travelers Indemn. Co. v. Dammann & Co.*, 592 F. Supp. 2d 752, 758-59 (D.N.J. 2008), *aff'd*, 594 F.3d 238 (3d Cir. 2010). When a non-dispositive matter has been decided by a magistrate judge, the ruling "is entitled to great deference and is reversible only for abuse of discretion." *Kresefsky v. Panasonic Comm. Sys. Co.*, 169 F.R.D. 54, 64 (D.N.J. 1996). "It follows that a 'magistrate judge's findings should not be rejected even if a reviewing court could have decided the issue differently.'" *Costa v. Cnty. of Burlington*, 584 F. Supp. 2d 681, 684 (D.N.J. 2008) (quoting *Toth v. Alice Pearl, Inc.*, 158 F.R.D. 47, 50 (D.N.J. 1994)).

## III. <u>Discussion</u>

On appeal the EEOC argues that the Order "contravenes the language of Title VII, EEOC's regulations, and the Supreme Court's holding in *Associated Dry Goods*." (EEOC's Moving Br. 1, ECF No. 8-1.) In particular, the EEOC argues that Judge Bongiovanni's finding that the Charging Party should be considered a member of the "public" with respect to the personnel and employment records of the six Caucasian comparators was contrary to law. (*Id.* at 7.) The authority that the EEOC relies upon does not, however, compel this conclusion. In particular, the EEOC has not cited, nor has the Court found, any authority that addresses the precise question that was before Judge Bongiovanni - namely whether a charging party is considered a member of the public with respect to the files of individuals who have not filed any charges with the EEOC.

In arguing that the Order should be set aside, the EEOC relies on a portion of the *Associated Dry Goods* decision that dealt with the disclosure of the *charging party's files* to the charging party to argue that under Title VII and the EEOC's regulations, the charging party should not be considered a member of the public with respect to the files of non-charging parties. (EEOC's Moving Br. 7-8.) Contrary to the EEOC's assertion, however, the decision in *Associated Dry*

4

*Goods* does not compel finding that a non-charging party's files are subject to the same disclosure as a charging party's files. Indeed, the decision in *Associated Dry Goods* distinguished between the disclosure of a charging party's files to him/herself and the disclosure of other charging party's files to the charging party. With respect to the latter, the Supreme Court explained that "though Congress allowed disclosure of investigative information in a charging party's file to that party himself, nothing in the statute or its legislative history reveals any intent to allow the Commission to reveal to that charging party information in the files of other charging parties who have brought claims against the same employer." 449 U.S. 590, 603 (1981).

Applying *Associated Dry Goods* to this case, Judge Bongiovanni held that "there is absolutely no reason why the charging party, Lt. Johnson, should be granted access to the personnel and employment records of the seven police officers." (Order 4.) This conclusion was consistent with the Supreme Court's holding in *Associated Dry Goods* that "[w]ith respect to all files other than his own, [the charging party] is a stranger." 449 U.S. at 603. Accordingly, the Order's restriction on the disclosure of the comparator's personnel and employment records was not contrary to law. In addition, this restriction was consistent with the narrow reading that is afforded to the non-disclosure provision in Title VII. *See, e.g., Am. Centennial Ins. Co. v. U.S. E.E.O.C.*, 722 F. Supp. 180, 184 (D.N.J. 1989) ("The purposes of the non-disclosure statutes are clearly better served by limiting disclosure to a very narrow group . . . ").

## IV.     Conclusion

For the reasons set forth above, the EEOC's appeal is denied and Judge Bongiovanni's July 30, 2015 Order is affirmed. The Court will enter an order consistent with this Memorandum Opinion.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated: March 18, 2016